IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO LEWAYNE PILCHER,

     Petitioner,        ORDER

   v.           09-cv-46-slc[1]

BUREAU OF PRISONS, ROBERT FENTON,
CONSTANCE REESE, LEROY PITTS,
MR. CHEATA, MS. DAWSON,
MS. ANDERSON, A. BROWN,
MS. MONGHOMARY, W. LYNCHARD,
MS. BURK, MR. TRU-X, ANTHONY CHAMBERS,
MR. MARTENEZ, MS. TAYLOR,
MS. CROCKETT, MS. ANDREWS,
MR. JACKSON, MR. RANDEL,
MARK GENNARO, L. STUBBLEFIELD,
MS. BLAND, MS. BANKS, MS. CREGG,
MR. WILLIAMS, MR. WESTLEY,
MS. WHITEHORN, MS. MONPHRY,
MS. JHONSON, MS. BRAWLEY,
MS. MASSEY, MS. RICHARD,
MS. JACKSON, MS. HARVEY,
MS. LYNCHORD,
JOHN DOE, Property Officer/Transine Officer,
MR. PHILLIPS, MS. MARTENEZ,
S.M. COY, S. COLEMAN, MS. MILTON,
MS. HOLINKA, MS. FEATHERS,

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

MR. TRATE, MR. GLEASON,
MR. TERRI, CARL CRAWFORD,
JANE DOE, Captain Secretary,
C. RUSSELL, JAMES REED,
T. EDUGECOMB, MR. SHANKS,
MS. PEASE, MR. POLK, MR. ASBERRY,
MR. HARRISON, MR. LEE,
MR. NUNSOME, W. TONN and R. SERNA,

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights case, petitioner Orlando Pilcher seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.  In a previous order the court concluded that petitioner was indigent and directed him to make an initial partial payment, which the court has received.  Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.

Petitioner has named nearly 60 individuals as defendants in his 47-page proposed complaint.  Like most of other complaints of this size, petitioner's fails to comply with the Federal Rules of Civil Procedure.

Rule 20 prohibits a plaintiff from asserting unrelated claims against different

defendants or sets of defendants in the same lawsuit.  Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed.1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20 .

For example, a plaintiff could have one lawsuit for breach of contract against defendants Smith, Jones, Wilson and Garcia and an unrelated lawsuit for personal injury against defendants Smith, Jones and Brown.  If the plaintiff wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss Wilson and Garcia from the first lawsuit or he would have to dismiss Brown from the second lawsuit. In this way, the same "core" of defendants (Smith and Jones) is common to both claims.

3

Applying these rules to petitioner's complaint, I conclude that petitioner is raising claims that belong in two separate lawsuits.  First, he alleges that respondent Robert Fenton used excessive force against him by hitting him with a can of tear gas and that various other officials at the Federal Correctional Institution in Yazoo City, Mississippi failed to take appropriate action in the aftermath of that incident.  Second, under the heading of "Another Subject," petitioner alleges that since he was transferred to the federal prison in Oxford, Wisconsin, various officials have mistreated him, primarily by failing to provide him with medical treatment.  I refer to the first lawsuit as "the Mississippi lawsuit" and the second lawsuit as the "Wisconsin lawsuit."

Because each of the claims in the first lawsuit occurred in Mississippi, that lawsuit may be vulnerable to a motion to dismiss for lack of personal jurisdiction or motion to transfer for improper venue.  Lodholz v. Puckett, No. 03-C-350-C, 2003 WL 23220723, *5 (W.D. Wis. Nov. 24, 2003); Thomas v. Corrections Corp. of America, 2003 WL 23274508, *2 (W.D. Wis. June 24, 2003). However, because I do not know with certainty what Wisconsin contacts any respondents might have and because both lack of personal jurisdiction and improper venue can be waived, Moore v. Olsen, 368 F.3d 757, 759 (7th Cir. 2004), I cannot dismiss or transfer the Mississippi lawsuit at this time.

Under George, I may apply the filing fee petitioner owes in this case to only one of the two lawsuits I have identified above. Petitioner will have to choose which lawsuit that

4

is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuit, petitioner has a more difficult choice. He may choose to pursue the second lawsuit separately.  In that case, he will be required to pay a separate filing fee.  In addition, petitioner may be subjected to a separate strike for each lawsuit that he pursues if any claim in the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless. As petitioner may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, petitioner may choose to dismiss his remaining lawsuit voluntarily. If he chooses this latter route, petitioner will not owe additional filing fees or face strikes for that lawsuit.  Any lawsuit dismissed voluntarily would be dismissed without prejudice, so petitioner would be able to bring it at another time.

Petitioner should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above. Once petitioner identifies the suits he wants to continue to litigate, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2) and determine whether petitioner's complaint provides notice to each of the respondents as required by Fed. R. Civ. P. 8 and whether petitioner has stated a claim upon which relief may be granted.  Because petitioner faces filing fees and potential strikes for

5

each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

ORDER

IT IS ORDERED that

1. Petitioner Orlando Pilcher may have until March 31, 2009, to identify for the court  whether he wishes to proceed with the "Mississippi lawsuit" or "Wisconsin lawsuit" under the number assigned to this case.

2. Petitioner may have until March 31, 2009, in which to advise the court whether he will prosecute the other lawsuit or whether he will withdraw the other lawsuit voluntarily.

3. If he dismisses the other lawsuit voluntarily, he will not owe a filing fee for that lawsuit; if he proceeds with the other lawsuit, he will owe a separate $350 filing fee and will have to make an initial partial payment before the case can proceed to screening.

4. If petitioner fails to respond to this order by March 31, I will enter an order dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to

prosecute.

Entered this 17th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge