IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORLANDO LEWAYNE PILCHER,

              Petitioner,                                      ORDER

     v.                                                09-cv-46-slc[1]

ROBERT FENTON,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff Orlando Lewayne Pilcher is proceeding on a claim under the Eighth Amendment that defendant Robert Fenton hit him in the head with a tear gas canister when plaintiff was incarcerated at the Federal Correctional Institution in Yazoo, Mississippi. Plaintiff had named approximately 60 other defendants in his complaint, but I dismissed them from the case because plaintiff did not plead enough facts about them to provide notice of his claims, as required by Fed. R. Civ. 8. Now plaintiff has filed what I construe as a proposed amended complaint in which he seems to be trying to resurrect the claims that have been dismissed.

    Unfortunately, the problems in his original complaint remain in the proposed

---

[1] Because consents to the magistrate judge's jurisdiction have not yet been filed by the parties to this action, I am assuming jurisdiction over the case for the purpose of issuing this order.

amended complaint. In the caption of the new complaint, he names Constance Reece (the warden) and "The [E]ntire Facility Institution" as defendants. However, a group of people or an "institution" cannot be sued collectively; each defendant must be an individual or legal entity that may accept service of a complaint. Fed. R. Civ. P. 4(e)-(j). Even if I overlook the problems with the caption and turn to the allegations in the complaint, Fenton is the only person against whom plaintiff states a claim upon which relief may be granted. With respect to other prison officials, plaintiff simply lists their names in the body of the complaint and alleges generally that they engaged in "illegal activities" and "a conspiracy." He does not match any of these individuals to any particular conduct that violated his rights.

The only possible exception is that plaintiff alleges that doctors at the King's Daughters Hospital (a private hospital) discharged him before he recovered adequately. To the extent plaintiff means to bring a claim for malpractice against the hospital or its staff, that is a state law claim that plaintiff must bring in Mississippi state court. Plaintiff may not add that claim to his federal lawsuit using supplemental jurisdiction because it is a claim against different defendants involving different facts. 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over [state law] claims that are so related to [federal] claims in the action . . . that they form part of the same case or controversy").

ORDER

IT IS ORDERED that plaintiff Orlando Lewayne Pilcher's motion for leave to amend

his complaint, dkt, #28, is DENIED.

Entered this 1ˢᵗ day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge