IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ORLANDO LEWAYNE PILCHER,

                Plaintiff,                                        ORDER

       v.                                                 09-cv-46-slc

ROBERT FENTON,

                Defendant.

---

On April 13, 2009, this court granted plaintiff leave to proceed on his claim that defendant used excessive force against him during his incarceration at the Federal Correctional Institution in Yazoo, Mississippi. In a subsequent order, plaintiff was directed to submit completed Marshals Service and summons forms, which he filed on May 12, 2009. Shortly after the clerk's office issued the summons and forwarded the summons, along with a copy of the complaint and the April 13 order, to the United States Marshal for service on the defendant. Now the Marshal has notified the court that it cannot serve defendant Fenton because he "no longer works at FCC Yazoo City."

Unfortunately, I cannot find that the marshal has made a reasonable effort to locate the defendant. The marshal may attempt to locate defendant Fenton by contacting the Federal Bureau of Prisons or conducting an Internet search of public records for the defendant's current address or both. *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (once defendant is identified, marshal is to make reasonable effort to obtain current address). Reasonable efforts do not require the marshal to be a private investigator for civil litigants or to use software

available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.

Also, for plaintiff's information, in *Sellers*, the court of appeals recognized the security concerns that arise when prisoners have access to the personal addresses of former or current prison employees. *Id.* For this reason prison employees often take steps to insure that their personal addresses are not available in public records accessible through the internet. If the marshal is successful in obtaining the defendant's personal address, he is to maintain that address in confidence rather than reveal it on the marshals service form, because the form is filed in the court's public file and mailed to the plaintiff after service is effected.

ORDER

IT IS ORDERED that the U.S. Marshal is to make reasonable efforts to locate defendant Robert Fenton and, if his efforts are successful, to serve him with a copy of the summons and complaint in this case. If the Marshal is unsuccessful in locating Robert Fenton despite making reasonable efforts to locate him, he may file an unexecuted return on which he describes the efforts he made.

Entered this 23rd day of June, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge